IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-76,801 and AP-76,802






EX PARTE WILLIAM CHARLES DENTON, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. B-13,723 AND B-13,724 IN THE 173RD DISTRICT COURT


FROM HENDERSON COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In two causes, Applicant was convicted of
aggravated robbery and aggravated assault of two complainants. He was sentenced to concurrent
terms of twenty-five years' imprisonment for each aggravated robbery and twenty years'
imprisonment for each aggravated assault.

 Applicant contends the convictions for both aggravated robbery and aggravated assault of
each victim violates the prohibition against double jeopardy. He also complains counsel provided
ineffective assistance for failing to object to the double jeopardy violation before the trial court or
to raise it on direct appeal and for failing to preserve for appellate review a claim regarding the trial
court's denial of a self-defense instruction. 

 Applicant's claim regarding the self-defense instruction is denied. We order, however, that
this application be filed and set for submission on the remaining issues as follows:

 (1) Whether Applicant's convictions in each cause for both aggravated robbery
and aggravated assault against the same complainant during the same
criminal episode constitutes a violation of the prohibition against double
jeopardy;

 

 (2) Whether the alleged violation may be remedied in this habeas proceeding or
is procedurally defaulted because no objection was raised before the trial
court; and

 

 (3) Whether, if the claim is procedurally defaulted, trial counsel's failure to
object or appellate counsel's failure to raise the claim constituted deficient
representation resulting in harm to Applicant.

The parties shall brief these issues.

 It appears that Applicant is represented by counsel. If that is not correct, the trial court shall
determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant. Tex. Code Crim. Proc. art
26.04. The trial court shall send to this Court, within 30 days of the date of this order, a supplemental
transcript containing: a confirmation that Applicant is represented by counsel; the order appointing
counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this Court on or
before July 16, 2012.


Filed: May 16 ,2012

Do not publish